68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert RIVERS, Plaintiff-Appellant,
v.
Terry PITCHER, Warden; David Gundy, Deputy Warden,
Defendants-Appellees.
 No. 95-1167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan state prisoner moves for the appointment of counsel and appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, injunctive relief, and a declaratory judgment, Robert Rivers sued the warden at Michigan's Oaks Correctional Facility (Terry Pitcher) and the facility's deputy warden (David Gundy) in their official and individual capacities. Rivers claimed that: 1) the defendants violated his Eighth Amendment rights by keeping him in top-of-bed ("TOB") restraint (fully restrained by chains and shackled to his bed) even after he discontinued his disruptive behavior; 2) the defendants violated his Eighth Amendment rights by depriving him of personal hygiene items and clean clothing; and 3) the defendants violated his Fourteenth Amendment rights by the same conduct alleged in claims 1 and 2.
 
 
 4
 The district court denied Rivers's motion for injunctive relief in an order dated April 25, 1994. Upon consideration of the defendants' motion for summary judgment and the plaintiff's response, the district court granted summary judgment in favor of the defendants. The district court also certified that an appeal could not be taken in good faith pursuant to 28 U.S.C. Sec. 1915(a). This court granted Rivers in forma pauperis status on appeal.
 
 
 5
 In his timely appeal, Rivers reasserts the claims he set forth in the district court.
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 7
 Upon review, we conclude that summary judgment was properly entered for defendants. Rivers claims that the defendants violated his Eighth Amendment rights by keeping him in TOB restraint even after he discontinued his disruptive behavior. The Eighth Amendment proscribes the unnecessary and wanton infliction of pain. Ingraham v. Wright, 430 U.S. 651, 670 (1977). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Physical restraints are constitutionally permissible where there is penological justification for their use. Id. at 346.
 
 
 8
 In this case, the defendants met their initial burden of showing ample penological justification for placing and keeping Rivers in TOB restraint. The uncontroverted facts in this case show that Rivers broke off a sprinkler head and flooded his cell with water, barricaded himself in his cell, repeatedly refused to obey direct orders even after chemical sprays were used, and bit the arm of an emergency response team member while the team removed Rivers from his cell. Even after the response team was able to place Rivers in TOB restraint, Rivers continued to be abusive, disruptive, and threatening. Given the detailed and undisputed facts in this case, Rivers has not submitted the slightest evidence that the defendants acted maliciously and sadistically to cause him harm. See Hudson, 503 U.S. at 7.
 
 
 9
 Rivers claims that the defendants violated his Eighth Amendment rights by denying him personal hygiene items and clean clothing while he was restrained. The lack of hygiene items, in turn, caused Rivers to suffer a rash under his arms. The Eighth Amendment prohibits deliberate indifference to the serious needs of a prisoner, including the basic elements of hygiene. Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir.1986) (citing Wright v. McMann, 387 F.2d 519, 526 (2d Cir.1967), cert. denied, 409 U.S. 885 (1972)). Prisoners in segregation are entitled to a constitutional minimum of one shower per week. Walker v. Mintzes, 771 F.2d 920, 928 (6th Cir.1985). The record reveals that Rivers was given an opportunity to use the bathroom and allowed fresh water every two hours.
 
 
 10
 The defendants met their initial burden of showing that Rivers received the constitutional minimum to which he was entitled, and Rivers submitted no evidence that the defendants were deliberately indifferent to his basic hygienic needs. Thus, the district court properly awarded summary judgment to defendants on this claim.
 
 
 11
 Finally, the district court properly entered summary judgment in favor of the defendants on the third and final claim because Rivers did not state an adequate claim for relief. Rivers claims that the defendants violated his rights under the Fourteenth Amendment by the same conduct alleged in claims one and two. If a convicted prisoner asserts a claim of excessive use of force, the Eighth Amendment serves as the exclusive source of protection for such a prisoner. Whitley v. Albers, 475 U.S. 312, 327 (1986) (primary source); Cornwell v. Dahlberg, 963 F.2d 912, 915-16 (6th Cir.1992) (exclusive source). Rivers clearly asserts a claim that the defendants used excessive force by restraining him beyond the time he believes he deserved. Thus, the district court properly analyzed Rivers's claims under the Eighth Amendment and properly awarded summary judgment to the defendants on this claim.
 
 
 12
 Accordingly, the motion for the appointment of counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation